**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CLEAR KNIGHTS, LTD, et al.,** | ) | **CASE NO. 1:16CV222** |
| | ) | |
| **Plaintiffs,** | ) | **JUDGE JAMES S. GWIN** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JOHN JAMES DYER, III, et al.,** | ) | **DEFENDANT REIMER, ARNOVITZ,** |
| | ) | **CHERNEK & JEFFREY'S MOTION TO** |
| **Defendants.** | ) | **DISMISS AND REQUEST FOR** |
| | ) | **IMMEDIATE STATUS CONFERENCE** |

Defendant, Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. ("Defendant Reimer") improperly sued as John James Dyer, III d.b.a  Reimer, Arnovitz, Chernek & Jeffrey Co L.P.A., by and through undersigned counsel and pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, hereby request that this Court dismiss the Plaintiffs' Amended Complaint. The Amended Complaint in this matter is signed by a non-attorney, Brandon Sims on behalf of various "entities" and individuals, and thus violates Federal and Ohio law prohibiting the unauthorized practice of law. Plaintiffs' Amended Complaint must therefore be dismissed for lack of subject matter jurisdiction and treated as though it were never filed. To permit Mr. Sims' Complaint against Defendants to continue would be to countenance the unauthorized practice of law. Federal question jurisdiction is also lacking. Accordingly, Defendant Reimer respectfully requests that this Court strike and dismiss Plaintiffs' Amended Complaint in its entirety. Defendant also requests that this Court set an immediate status conference.

A Memorandum in Support of this motion is attached hereto and fully incorporated by reference.

Respectfully submitted,

*/s/Timothy T. Brick*
**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480)**
GALLAGHER SHARP LLP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio 4415
(216) 241-5310 (phone)
(216) 241-1608 (fax)
tbrick@gallaghersharp.com
lbrown@gallaghersharp.com
*Attorneys for Defendant Reimer, Arnovitz,*
*Chernek & Jeffrey Co., L.P.A.*

## PAGE CERTIFICATION

Defendant, by and through undersigned counsel, and pursuant to Loc. R. 7.1(f), hereby certifies that the Court has not yet assigned this case to a track, but certifies that the Memorandum in Support of Defendant's Motion to Dismiss adheres to the page limitation for standard track as set forth in Loc. R. 7.1(f).

Respectfully submitted,

*/s/Timothy T. Brick*
**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480**)
Gallagher Sharp LLP
*Attorneys for Defendant Reimer,Arnovitz,*
*Chernek & Jeffrey Co., L.P.A.*

2

<u>**MEMORANDUM IN SUPPORT**</u>

**I.    INTRODUCTION**

Plaintiffs in this case are attempting to perpetuate a fraudulent scheme to transfer the real property through the use of false deeds and powers of attorney. Plaintiffs' Amended Complaint signed by Brandon Sims, although incomprehensible, appears to arise out of Plaintiff Shaung Admissions' preparation and filing of a fraudulent deed and power of attorney purporting to transfer property from Fannie Mae to Clear Knights, LTD. As a result of these fraudulent and illegal actions, a complaint for declaratory judgment, to quiet title, for ejectment and trespass was filed by Defendant Bowers on behalf of her clients against Clear Knights, Ltd. and Ariel Grant in the case captioned *Rozek v. Clear Knights,* in the Court of Common Pleas, Lucas County, Case. No. G-4801-CI-0201504933-00 ("Quite Title Action"). The Amended Complaint here does not reference that action nor does it contain any specific factual allegations to support the myriad of claims.

Plaintiffs Clear Knights, LTD, Ariel Grant, Will N Seal Estates and Shaung Admissions filed the present action against the following Defendants: John James Dyer, III d.b.a. Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A., Nova Title Agency, Inc., and Amelia A. Bower d.b.a. Plunkett Clooney. Plaintiffs purport to assert a number of federal causes of action. These include such claims as restraining Plaintiffs' trade in commerce, oppressing Plaintiffs of secured rights, converting trade secrets, converting published trust instruments, conspiracy to interfere with Plaintiffs' civil rights, deprivation of secured immunities and defamation. (See, Amended Complaint, ECF #6, ¶¶ 1-22). Plaintiffs also seek damages in the amount of over $7 million, including injunctive relief.

Plaintiffs' Amended Complaint contains 22 paragraphs of alleged violations that have no basis in law and fact and fail to state a claim. However, in the interests of judicial economy, Defendant is requesting that this Court dismiss Plaintiffs' Amended Complaint for lack of subject matter jurisdiction and strike the Amended Complaint because it is signed by a non-attorney on behalf of various "entities" and persons and thus violates Federal and Ohio law prohibiting the unauthorized practice of law. Because Plaintiffs failed to include any factual background or allegations in the Amended Complaint and because Mr. Sims has violated Federal and Ohio law prohibiting the unauthorized practice of law, Defendant Reimer should not be required to respond substantively to the improper and unauthorized Complaint and "merits" of the claims. This is not the typical *pro se* complaint where the plaintiff is seeking to represent him or herself. Rather, it was filed by an individual purporting to be an attorney on behalf of other individuals and "entities" in retaliation for Defendants' exposure of their fraudulent and illegal scheme. Defendant Reimer also requests that this Court set an immediate status conference.

## II.    STATEMENT OF FACTS

On January 29, 2016, Plaintiffs filed a Complaint against Defendants asserting a myriad of conclusory allegations with no basis in fact or law (ECF #1). On February 5, 2016, Plaintiffs filed a Motion for Leave to File an Amended Complaint (ECF #4) and on February 16, 2016 filed a Proposed Amended Complaint (ECF #6). While the Amended Complaint is devoid of any facts in support of any claims whatsoever, Defendant Reimer believes that the impetus of the filing of this action was Defendants' discovery of an illegal scheme by Plaintiffs to file fraudulent deeds and powers of attorney purporting to transfer property from Fannie Mae to Plaintiff, Clear Knights, LTD.[1] As a result, Defendant Bower filed the Quiet Title Action against

---

[1] Plaintiffs did not attach any documents to the Amended Complaint.

4

Plaintiffs arising out of their illegal scheme. Plaintiffs retaliated by filing this action and making false and reckless claims.

By way of background, on or about June 27, 2013, Nationstar Mortgage LLC filed a foreclosure with respect to certain property located in Lucas County. ("Subject Property").[2] The decree in foreclosure was filed on January 29, 2014. Federal National Mortgage Association ("Fannie Mae") purchased the Property at a foreclosure sale. (Quiet Title Complaint, ¶¶ 1-2). A deed transferring the Subject Property from the Lucas County Ohio Sheriff to Fannie Mae for the Subject Property was filed on June 16, 2015.  Unbeknownst to Fannie Mae, on October 26, 2015, a document titled "Limited Power of Attorney" was filed in the Lucas County Ohio Recorder's Office which purportedly appointed Shaung Admissions as an agent for Fannie Mae. (*Id.* ¶ 7). That Power of Attorney was signed by Brandon Sims, by Propagated Properties, purportedly as Trustee for Fannie Mae. (*Id.* at ¶8). An "Attorney in Fact Affidavit" was signed by Ariel Grant of Shaung Admissions and was filed in the Lucas County records on October 26, 2015. (*Id.* at ¶ 9). These documents are fraudulent.

On November 9, 2015, a deed was filed in the Lucas County Records that purported to transfer the Subject Property from Fannie Mae to Clear Knights, LTD. The deed in question was signed by Brandon Sims and identified Shaung Admissions as the "attorney in fact for grantor." (*Id.* at ¶ 10). On November 17, 2015, a lease was filed in the Lucas County records purporting to lease the Subject Property from Clear Knights, LTD to Ariel Grant. (*Id.* at ¶ 12). Upon

---

[2] These factual allegations are contained in the Complaint for Declaratory Judgment, to Quiet Title, for Ejectment and Trespass that was filed in the Quiet Title Action.  A copy of the Complaint and supporting documents are attached as Exhibit A.  For purposes of providing a complete picture for this Court, Defendant has attached the Quiet Title Complaint and pertinent pleadings from that action.  Such pleadings may be considered by this Court as it is well settled that in considering a motion to dismiss, "matters of public record, judicial orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. This includes information obtained from state court proceedings," and extrinsic materials which fill in "the contours and details." *Lisboa v. Kleinman*, N.D. Ohio No. 1:07-cv-707, 2007 U.S. Dist. LEXIS 89227, *4 (Dec. 4, 2007); *Armengau v. Cline*, 7 Fed.Appx. 336, 344 (6th Cir. 2001).

information and belief, Clear Knights, LTD is not registered with the Ohio Secretary of State. That lease was executed by Will Hartaway on behalf of Clear Knights, Ltd. Upon information and belief, Will Hartaway does not exist. (*Id.* at ¶¶ 13-15).

On November 24, 2015, a deed was executed by Fannie Mae to Jeffrey B. Rozek and Dawn Rozek for the Subject Property and was filed on November 25, 2015. (*Id.* at ¶¶ 16-17). The Rozeks had purchased the Subject Property from Fannie Mae on November 23, 2015. The prior fraudulent deed and POA were discovered; and thus Defendant Bower filed the Quiet Title Action against Clear Knights LTD and Ariel Grant on behalf of the Rozeks. On December 11, 2015, Defendant John Dyer filed an affidavit with the Lucas County Recorder's Office stating that Nova Title Agency, Inc. serves as a title agent with respect to closing transactions involving Fannie Mae and that Fannie Mae owned the Subject Property. Mr. Dyer also stated that the POA purportedly executed by Fannie Mae was signed by Brandon Sims, who is not authorized to act on behalf of Fannie Mae, and was fraudulent. Shortly thereafter, Plaintiffs commenced this lawsuit.

### III.    LAW AND ARGUMENT

#### A. Plaintiffs' Complaint Must be Dismissed Because Brandon Sims is Not an Attorney and is Therefore Prohibited From Signing a Complaint on Behalf of Another Person or Entity

The Plaintiffs' Amended Complaint is signed by "Brandon Sims." (ECF #6, p. 6). Mr. Sims is not a named Plaintiff in this action. The signature block states that the name of the "firm" is "Shaung Admissions" with a "registration number" of 2361714. (*Id.*) It appears as if Mr. Sims is holding himself out as an attorney with the law firm of Shaung Admissions. Notably absent from Mr. Sims' signature is a bar number issued by the State of Ohio indicating his authority to represent the named Plaintiffs in a court of law. A search of The Supreme Court of Ohio Legal

Directory reveals that Mr. Sims is, in fact, <u>not registered</u> to practice law in the State of Ohio, nor is Shaung Admissions a law firm. Under both Federal and Ohio law, Mr. Sims cannot represent Clear Knights LTD, Ariel Grant, Will N Seal Estates, or Shaung Admissions on their purported claims against the Defendants.[3]

28 U.S.C. § 1654 provides in pertinent part, "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to  manage and conduct causes therein." In interpreting this provision, "[t]he Sixth Circuit has made it clear that, pursuant to § 1654, an individual may appear in federal court *pro se* to represent his or her own case, but is prohibited from appearing *pro se* where there are interests at stake other than that individuals." *Thompson v. THC, Inc.*, No. C-1-07-231, 2008 U.S. Dist. LEXIS 75632, *3 (S.D. Ohio Sept. 30, 2008) (citing *Shepherd v. Wellman*, 313 F.3d 963 (6th Cir. 2003)). Further, a litigant who seeks to proceed *pro se* must personally sign the complaint to invoke this Court's jurisdiction and lack of subject matter jurisdiction is a non-waivable, fatal defect. See, *Ruitto v. John D. Clunk Co., LPA,* Case No. 1:14CV 2675, J. Polster, (N.D. January 29, 2015) (citing *Steelman v. Thomas*, No. 87-6260 (6th Cir. May 26, 1998).[4] Here, the individual who personally signed the Amended Complaint is not an attorney and is not a party. The Amended Complaint should be disregarded in its entirety and dismissed.

Similarly, Ohio Rev. Code § 4705.01 provides,

No person shall be permitted to practice as an attorney and counselor at law, or to commence, conduct, or defend any action or proceeding in which the person is

---

[3] It is unclear as to what type of entity "Shaung Admissions" is, if any.  But it appears to hold itself out as a legal entity, and not an individual, and thus Mr. Sims, as a purported "agent" for the entity cannot represent or appear *pro se* as counsel for Shaung Admissions or any other entity.  See, G*ass v. Headlands Contracting & Tunneling, Inc.*, 11th Dist. No. 2008-G-2841, 2008-Ohio-6057 (Pursuant to R.C. 1925.17, any filing by a non-party attorney on a corporation's behalf, unless in small claims court, is a nullity).

[4] A copy of Judge Polster's Order of Dismissal is attached as Exhibit B.

> not a party concerned, either by using or subscribing the person's own name, or the name of another person, unless the person has been admitted to the bar by order of the Supreme Court in compliance with its prescribed and published rules.

Thus, "where a plaintiff files a complaint on behalf of another party, and that complaint is not signed by an attorney, it is as if the complaint was never filed…[and] the court should dismiss the complaint without prejudice." *Thompson*, 2008 U.S. Dist. at \*7 (citing *Sheridan Mobile Village, Inc. v. Larsen*, 78 Ohio App.3d 203, 204, 604 N.E.2d 217 (Ohio Ct. App. 1992)[5] and *Williams v. Global Construction Co. Ltd.*, 26 Ohio App. 3d 119, 498 N.E.2d 500 (Ohio Ct. App. 1985)).

In *Ruitto*, this Court dismissed a *pro se* plaintiff's complaint for lack of subject matter jurisdiction because the individual signing the complaint was not a licensed attorney and his signature was not effective to bring any claims on behalf of another person. This Court explicitly stated that the person who signed the complaint "is cautioned that the unauthorized practice of law may subject him to criminal and civil penalties and he is prohibited from representing any pro se litigant, except himself, in this Court." (Ex. B, at p. 2).

Mr. Sims is not an attorney and purports to represent the named Plaintiffs. Such representation is prohibited by Federal and Ohio law, and therefore dismissal of the Amended Complaint is the appropriate remedy. *Id.* This is a clear violation of the law.

### B.    Federal Question Jurisdiction is Lacking

On March 24, 2016, defendants Amelia A. Bower and Plunkett Cooney, P.C. filed a Motion to Dismiss based on a lack of federal question jurisdiction (ECF #12). These defendants join and incorporate by reference the Motion to Dismiss filed by Ms. Bower and Plunkett Cooney. Plaintiffs' Amended Complaint fails to allege any facts supporting jurisdiction under 28

---

[5] In *Sheridan*, the court of appeals held that a corporation could only appear in court through an attorney.

8

U.S.C. §1338(b), 28 U.S.C. §1343(a) or any other federal statute. As a result, the Amended Complaint fails to state a claim for relief on behalf of plaintiffs against Defendant Reimer.

## IV.     CONCLUSION

For the above reasons, defendant Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A. respectfully requests that this Court dismiss the *Pro Se* Amended Complaint signed by Mr. Sims on behalf of Plaintiffs. Defendant also moves the Court to schedule an immediate status conference so that the suspected fraudulent conduct of plaintiffs can be addressed immediately. Plaintiffs should not be permitted to misuse and abuse the judicial system in further of their illegal scheme.

Respectfully submitted,

/s/*Timothy T. Brick*
**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480**)
Gallagher Sharp LLP
Sixth Floor - Bulkley Building
1501 Euclid Avenue
Cleveland, Ohio  44115
(216) 241-5310 (phone)
(216) 241-1608 (fax)
tbrick@gallaghersharp.com
lbrown@gallaghersharp.com
*Attorneys for Defendant*
*Reimer, Arnovitz, Chernek & Jeffrey*
*Co., L.P.A.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25<u>th</u> day of March, 2016 a copy of the foregoing was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  All other parties will be served by regular U.S. Mail.  Parties may access this filing through the Court's system.


Shaung Admissions
c/o Brandon Sims
#242
2650 Westmar Court
Toledo, OH  43615
***Pro Se for Plaintiffs Clear Knights Ltd.,***
***Ariel Grant, Will N Seal Estates and***
***Shaung Admissions***

Nova Title Agency, Inc.
c/o John Dyer
30455 Solon Rd
Solon, OH  44139
***Defendant***


/s/*Timothy T. Brick*
**TIMOTHY T. BRICK (0040526)**
**LORI E. BROWN (0071480**)
*Attorneys for Defendant Reimer, Arnovitz,*
*Chernek & Jeffrey Co., L.P.A.*