UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------
                                                :
CLEAR KNIGHTS LTD.,                             :    CASE NO. 1:16-CV-222
                                                :
            Plaintiff,                          :    OPINION & ORDER
                                                :
vs.                                             :
                                                :
JOHN JAMES DYER III, *et al.*,                  :
                                                :
            Defendants.                         :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

This action is brought by plaintiffs Clear Knights Ltd., Ariel Grant, Will N Seal Estates, and Shaung Admissions against defendants "John James Dyer, III d.b.a. Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.," Nova Title Agency, Inc., and "Amelia Bower d.b.a. Plunkett Clooney." (*See* Am. Complt., Doc. No. 6.)  The amended complaint is signed only by "Brandon Sims" (*see id*. at p. 6) and purports to assert a litany of claims against the various defendants.  (*Id*. at ¶¶1-22.)

The defendants have all filed motions to dismiss the amended complaint on the basis that it fails to state a claim on which relief may be granted and for lack of subject-matter jurisdiction because Brandon Sims is not a licensed attorney and cannot represent the plaintiffs in this case. *See* Doc. No. 12 (motion to dismiss of defendants Amelia A. Bower and Plunkett Cooney, P.C.); Doc. No. 16 (motion to dismiss of Reimer, Arnovitz, Chernek & Jeffrey Co., L.P.A.); and Doc. No. 21 (motion of defendants John J. Dyer, III and Nova Title Agency, Inc.).  Three of the defendants have also moved for an in-person status conference.  (Doc. No. 16 at 9; Doc. No.

20.)  "Brandon Sims" has signed an opposition to the defendants' motions purportedly as "agent" for Shaung Admissions.  (Doc. No. 24.)

For the reasons stated below, the defendants' motions to dismiss are granted.

## Dismissal Standards

An action may be dismissed under Fed. R. Civ. P. 12(b)(6) if it fails to state claim upon which relief can be granted.  *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross and Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008).  To survive a Rule 12(b)(6) dismissal, the complaint "must present 'enough facts to state claim to relief that is plausible on its face'" when its factual allegations are presumed true and reasonable inferences made in favor of the non-moving party.  *Id.*, citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  Although federal pleading requirements do not require detailed factual allegations, "it is still necessary that the complaint contain more than bare assertions or legal conclusions." *Id*. at 434.  The complaint must allege sufficient facts to give "the defendant fair notice of what the . . . claim is and the grounds upon which it rests" and that "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. 544 at 555.

An action may be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction.  A court "must" dismiss an action "[i]f [it] determines at any time that it lacks subject-matter jurisdiction."  Fed. R. Civ. P. 12(h)(3).

## Analysis

This action must be dismissed for lack of subject-matter jurisdiction.  Pursuant to 28 U.S.C. §1654, a party may plead and conduct his or her own case in federal court personally or

through a licensed attorney.[1]   The plaintiffs have not demonstrated that Brandon Sims, the only individual who personally signed the amended complaint, is an attorney licensed to practice law in this court.  Therefore, Mr. Sims cannot represent the individuals and entities named as plaintiffs.  Further, a "litigant who wishes to proceed *pro se* must personally sign the Complaint" to invoke federal subject-matter jurisdiction.  *See Ruitto v. John D. Clunk Co., LPA*, Case No. 1: 14 CV 2675 (N.D. Ohio Jan. 29, 2015)(Polster, J.)(dismissing a complaint for lack of subject-matter jurisdiction where the plaintiff did not personally sign the complaint and the individual who signed it was not a licensed attorney).  There is no dispute that none of the named plaintiffs have satisfied the requirements for proceeding in this case *pro se.*  Accordingly, this Court lacks subject-matter jurisdiction over the case.

Further, even if subject-matter jurisdiction existed, the allegations in the amended complaint are insufficient to survive dismissal under Fed. R. Civ. P. 12(b)(6).  The litany of claims listed in paragraphs 1 through 22 of the amended complaint are conclusory, and the complaint nowhere sets forth facts sufficient to give the defendants fair notice of what the plaintiffs' legal claims against them even are, or the grounds on which the claims rest.  In short, the allegations in the amended complaint are insufficient to raise a right to relief by any plaintiff against any defendant above a speculative level even when the factual allegations are accepted as true.

---

[1]Section 1654 provides:

> In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct cases therein.

 28 U.S.C. §1654.

**Conclusion**

For the reasons stated above, the defendants' motions to dismiss the plaintiffs' amended complaint are granted.[2]  This action is, accordingly, dismissed.

IT IS SO ORDERED.


Dated: May 6, 2016               *s/     James S. Gwin*
                                 JAMES S. GWIN
                                 UNITED STATES DISTRICT JUDGE

---

[2]The defendants' motions are denied as moot to the extent they seek an in-person status conference.